UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                                            :
DENNIS FREEMAN,                                             :        DECISION & ORDER
                                                            :
                          Plaintiff,                        :        24-CV-6880 (AMD)(PK)
                                                            :
          -against-                                         :
                                                            :
THOMAS DAVID FARR, JR. and PRINCE                           :
EXPRESS, INC,                                               :
                                                            :
                          Defendants.                       :
------------------------------------------------------------x
```

**Peggy Kuo, United States Magistrate Judge:**

In this personal injury action brought by Dennis Freeman ("Plaintiff") against Thomas David Farr, Jr. and Prince Express, Inc ("Prince Express") (collectively, "Defendants"), Defendants have moved to transfer venue to the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a). ("Motion," Dkt. 18; *see also* Defendants' Brief in Support ("Def. Mem."), Dkt. 18-3; Plaintiff's Memorandum of Law in Opposition ("Pl. Mem."), Dkt. 19-1; Defendants' Reply ("Def. Reply"), Dkt. 20.) For the reasons stated below, the Motion is denied.

## FACTUAL BACKGROUND

Unless otherwise noted, the following facts are taken from the Complaint (Dkt. 2-2), the Notice of Removal (Dkt. 2), and the parties' submissions in connection with the Motion.

Plaintiff is a resident of Queens, New York. (Compl. ¶ 1.) Defendant Farr is a resident of East Ridge, Tennessee, and Defendant Prince Express is a corporation incorporated in Tennessee, with a principal place of business in Soddy Daisy, Tennessee. (Compl. ¶¶ 3-4; Notice of Removal ¶ 5.)

1

On January 9, 2024, a vehicle operated by Mr. Farr and owned by Prince Express collided with Plaintiff's vehicle in Waynesville, North Carolina. (Compl. ¶¶ 9-21.) Plaintiff was taken to Haywood Regional Medical Center where he was treated and released the same day. (Plaintiff's Statement of Material Facts ("Pl. SOMF") ¶ 9, Dkt. 19-2.) Plaintiff almost immediately returned to New York and began treating with physicians in New York. (Pl. SOMF ¶¶ 9-14.)

Mr. Farr was issued a citation for failure to reduce speed in connection with the incident. (Pl. SOMF ¶ 8; *see also* "Haywood District Court Case Summary," Ex. B to Pl. SOMF, Dkt. 19-4.) He pled responsible to the incident and paid restitution of $241.00. (Pl. SOMF ¶ 8; Haywood District Court Case Summary at 3 (ECF pagination).)

## PROCEDURAL HISTORY

This action was filed in the New York State Supreme Court, Queens County, and removed to this Court on September 30, 2024. Defendants filed the Motion on May 30, 2025.

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party requesting transfer "carries the 'burden of making out a strong case for transfer,'" and courts have applied "the clear and convincing evidence standard in determining whether to exercise discretion to grant a transfer motion." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (quoting *Filmline (Cros-Country) Prods., Inc. v. United Artists Corp.,* 865 F.2d 513, 521 (2d Cir.1989)). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co., Inc. v Gottdiener*, 462 F.3d 95, 106 (2d Cir 2006).

To determine whether a motion to transfer venue should be granted, courts "must apply a two-pronged test: (A) whether the action could have been brought in the proposed forum; and (B)

2

whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice." *Cameron v. Prosegur Servs. Grp., Inc.*, No. 23-CV-8789 (DLI)(TAM), 2024 WL 4145742, at *1 (E.D.N.Y. Sept. 11, 2024).

I. **Whether This Action Might Have Been Brought in the Western District of North Carolina**

"[F]or the purposes of section 1404(a), an action might have been brought in another forum if, at the time the action was originally filed, the transferee court would have had subject matter jurisdiction and personal jurisdiction over the defendants, and if venue would have been proper in the transferee court." *Guardian Life Ins. Co. of Am. v. Coe*, 724 F. Supp. 3d 206, 213 (S.D.N.Y. 2024).

Plaintiff does not argue that this action could not have been brought in the Western District of North Carolina. Thus, only the second prong is at issue.

II. **Convenience and Interests of Justice Factors**

In considering convenience of the parties and witnesses and the interest of justice, the Court analyzes various factors, including "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *D.H. Blair*, 462 F.3d at 106-07 (alteration in original). "There is no strict formula for the application of these factors, and no single factor is determinative." *Sarracco v. Ocwen Loan Servicing, LLC*, 220 F. Supp. 3d 346, 356 (E.D.N.Y. 2016). "Instead, these factors should be applied and weighed in the context of the individualized circumstances of the particular case." *Id.*

"In seeking to meet their burden that clear and convincing evidence calls for transfer, [Defendants] must establish that at least one of the factors weighs in favor of transfer, and that any factors weighing in favor of transfer outweigh any factors weighing against it. If all the factors are

3

neutral, the transfer motion should be denied." *In re Peloton Interactive, Inc. Sec. Litig.*, No. 21-CV-2369 (CBA)(PK), 2022 WL 1211516, at *2 (E.D.N.Y. Jan. 26, 2022).

### A. Plaintiff's Choice of Forum

Plaintiff's choice of forum is given "great weight" and should not be disturbed unless other factors weigh strongly in favor of transfer. *See D.H. Blair*, 462 F.3d at 107; *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 348 (E.D.N.Y. 2012). That deference is "particularly strong" where, as here, Plaintiff sues in his home state. *See Buchanan v. Umhoefer*, No. 10-CV-3175 (JS)(ETB), 2011 WL 3421502, at *1 (E.D.N.Y. Aug. 3, 2011).

Defendants argue that "New York's sole relationship to this lawsuit is that Plaintiff is a resident of New York," and that pursuant to 28 U.S.C. § 1391, the general venue statute, Plaintiff's place of residence is "no basis for venue." (Def. Mem. at 4; Def. Reply at 2 ("New York was never a proper venue since the subject accident did not occur in New York and Defendants are not residents of New York.").)

Venue for removed cases, however, is governed by the removal statute, 28 U.S.C. § 1441, not by 28 U.S.C. § 1391. *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998) ("[T]he removal statute, and not the ordinary federal venue statute, 28 U.S.C.A. § 1391 . . . governs venue in removed cases."); *see also Polizzi v. Cowles Mags., Inc.*, 345 U.S. 663, 665 (1953) ("But even on the question of venue, § 1391 has no application to this case because this is a removed action. The venue of removed actions is governed by [§ 1441(a)]."). Section 1441(a) provides that venue is proper in "the district court of the United States for the district and division embracing the place where such action is pending." Because this action was originally filed in Queens County Supreme Court, venue is proper in the Eastern District of New York, which embraces Queens County. 28 U.S.C. §§ 112(c), 1441(a). Plaintiff's choice of forum in New York, therefore, should not be disturbed unless other factors weigh strongly in favor of transfer.

### B. Locus of Operative Facts

In "cases arising out of vehicle collisions, courts have found the place of the accident is the only relevant location" for the purpose of determining the locus of operative facts. *Fulton v. Newkirk*, No. 20-CV-5479 (FB)(PK), 2021 WL 3037592, at *3 (E.D.N.Y. July 19, 2021). That is because "[m]ost, if not all, witnesses and sources of proof concerning the accident itself and the initial treatment of the Plaintiff will be found [at the place of the incident]." *See Levy v. Air Prods. Chemicals, Inc.*, No. 89-CV-3992 (SJ), 1993 WL 657856, at *2 (E.D.N.Y. Sept. 29, 1993).

Here, the collision and Plaintiff's initial treatment occurred in North Carolina.

Plaintiff argues that "liability and location [are] an extremely minor part of the case" because Mr. Farr "has already admitted and been adjudicated responsible for the happening of this accident," and the "sole issue that is in dispute is Plaintiff's injuries and damages." (Pl. Mem. at 8.)

Defendants do not address this issue. Nevertheless, even if liability is unlikely to be disputed, because Plaintiff's initial treatment—which concerns the disputed issue of damages—occurred in North Carolina, the Court finds that this factor weighs slightly in favor of transfer.

### C. Convenience of Parties and Witnesses and Availability of Witnesses

"The convenience of the parties favors transfer when transfer would increase convenience to the moving party without generally increasing the inconvenience to the non-movant." *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 399 (S.D.N.Y. 2014). In analyzing the convenience of the witnesses, the moving party must "establish[] that convenience of the witnesses as a whole will be increased through transfer of venue." *Lynch v. Nat'l Prescription Adm'rs*, No. 03-CV-1303 (GBD), 2004 WL 385156, at *3 (S.D.N.Y. Mar. 1, 2004).

Defendants, who are residents of Tennessee, do not argue that transfer to North Carolina would be more convenient for them. Rather, they argue that North Carolina would be more convenient for witnesses at the scene of the incident and immediately afterwards, including the North

5

Carolina State Highway Patrol officer who responded and individuals at Haywood Regional Medical Center where Plaintiff was initially taken and treated. (Def. Reply at 4.)

Plaintiff, on the other hand, states that transfer would be inconvenient for him because he and "all of his medical witnesses and treating doctors in this case are in New York," and that he "would likely be deprived of his choice of counsel." (Pl. Opp. at 8.) Plaintiff submitted the names of five different treating physicians, who all practice in New York. (Pl. SOMF ¶¶ 10-14.) In addition, Plaintiff surmises that he would be required "to bear the cost to travel to North Carolina" to be examined by Defendants' medical expert (Pl. Opp. at 9), although Defendants assure him that "there are an innumerable amount of physicians who can perform a defense independent medical examination ('IME') of Plaintiff closer to where he resides." (Def. Reply at 4.)

Defendants fail to show that North Carolina is a more convenient forum for the parties or the witnesses as a whole. Given that both Plaintiff and Defendants would have to travel from their respective home states to North Carolina for trial, convenience to the parties weighs against transfer. In addition, while transfer might be more convenient for Defendants' non-party witnesses, it would greatly inconvenience Plaintiff's witnesses. Thus, this factor also weighs against transfer.

### D. Availability of Process to Compel Witnesses

The parties have not identified any potential non-party witnesses who would be unwilling to testify absent a subpoena; thus, the availability of process to compel the attendance of unwilling witnesses is neutral. *See Eres N.V. v. Citgo Asphalt Ref. Co.*, 605 F. Supp. 2d 473, 482 (S.D.N.Y. 2009) (finding that availability of process to compel attendance does not weigh in favor of transfer when no witness indicated unwillingness to testify).

### E. Location of Relevant Documents

"[T]he location of documents and records is not a compelling consideration when records are easily portable." *Multiwave Sensor Inc. v. Sunsight Instruments, LLC*, No. 16-CV-1361 (GHW), 2017 WL

6

1498058, at *7 (S.D.N.Y. Apr. 26, 2017); *see also EasyWeb Innovations*, 888 F. Supp. 2d at 352 ("[T]he Court does not view this factor as particularly significant given the technological age in which we live, with the widespread use of, among other things, electronic document production.").

The parties did not address whether the location of relevant documents weighs in favor of or against transfer. Accordingly, this factor is neutral.

### F.  Relative Means of the Parties

"Where a disparity exists between the means of the parties, such as in the case of an individual suing a large corporation, the court may consider the relative means of the parties in determining where a case should proceed." *EasyWeb Innovations*, 888 F. Supp. 2d at 354-55. A party arguing against transfer because of inadequate means must offer evidence showing that transfer would be unduly burdensome to his finances. *See Jones v. Equifax Info. Servs. LLC*, No. 25-CV-1535 (GHW)(SLC), 2025 WL 1466898, at *5 (S.D.N.Y. May 22, 2025).

Plaintiff offers no such evidence. Although Plaintiff argues that "a corporation would likely have more means available to pay expenses of travel and finding new lawyers than an individual," he provides no information about the financial burden on him of traveling to North Carolina or retaining local counsel. (Pl. Mem. at 10.) Accordingly, this factor is neutral.

* * * * * * * * * * * *

Having considered all the relevant factors, the Court concludes that, although the locus of operative facts weighs slightly in favor of transfer to the Western District of North Carolina, all other factors are either neutral or weigh against transfer. Defendants, thus, fail to meet their burden of showing by clear and convincing evidence that this action should be transferred to the Western District of North Carolina.

7

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion is denied.

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         December 29, 2025

8